Zev Shechtman (State Bar No. 266280)
 *zev.shechtman@saul.com*
Steven F. Werth (State Bar No. 205434)
 *steven.werth@saul.com*
**SAUL EWING LLP**
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

A. SASHA FRID (State Bar No. 216800)
 *sfrid@millerbarondess.com*
JEFFERY B. WHITE (State Bar No. 291086)
 *jwhite@millerbarondess.com*
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:    (310) 552-8400

Attorneys for Zions Bancorporation, N.A., dba
California Bank & Trust

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re ANDREW STUPIN and JULIE STUPIN,<br><br>Debtors and Debtors in Possession. | Case No. 8:26-bk-11202-SC<br><br>Chapter 11<br><br>Adversary Case No. 8:26-ap-01060-SC |
| ZIONS BANCORPORATION, N.A., dba CALIFORNIA BANK & TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW STUPIN, an individual; ANDREW STUPIN AND JULIE K. STUPIN, as trustees of The Stupin Family Trust dated April 3, 2009; GERALD J. MARCIL, an individual; GERALD J. MARCIL AND CAROL L. MARCIL, as trustees of The Marcil Family Trust dated May 9, 1997; DEBA SHYAM, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | **PLAINTIFF ZIONS BANCORPORATION, N.A.'S NOTICE OF MOTION AND MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>Hearing Date</u><br><br>Date:     July 15, 2026<br>Time:     1:30 p.m.<br>Place:    Courtroom 5C<br>            411 West Fourth Street<br>            Santa Ana, CA, 92701 |

57889873.4 397419-00001

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**TO THE HONORABLE COURT, THE DEBTORS AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on July 15, 2026, at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Scott C. Clarkson, United States Bankruptcy Judge, in Courtroom 5C of the United States Bankruptcy Court for the Central District of California, Santa Ana Division, located at 411 West Fourth Street, Santa Ana, California 92701, Zions Bancorporation, N.A., dba California Bank & Trust ("CB&T"), will and hereby does move this Court pursuant to 28 U.S.C. §§ 1452(b) and 1334(c) for entry of an order:

1.      Remanding to the Los Angeles Superior Court all claims removed to this Court from the action entitled *Zions Bancorporation, N.A. v. Andrew Stupin, et al.*, Los Angeles Superior Court Case No. 25STCV30165 (the "State Court Action"), pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(b), on grounds of equitable remand and permissive abstention; or

2.      Alternatively, remanding all claims and crossclaims asserted between CB&T, on the one hand, and Gerald J. Marcil, individually, and Gerald J. Marcil and Carol L. Marcil, as trustees of The Marcil Family Trust dated May 9, 1997 (collectively, the "Marcils"), on the other hand, for lack of subject matter jurisdiction and/or on equitable grounds.

**PLEASE TAKE FURTHER NOTICE THAT** that this Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations of Matthew Bullock and A. Sasha Frid, all pleadings and papers on file in this bankruptcy case and the State Court Action, and upon such further evidence and argument as may be presented at or before the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE THAT** parties may attend the hearing via ZoomGov or in-person.  Instructions for attendance via ZoomGov are available on the Court's website: https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson, and updated ZoomGov instructions are posted on the Court's tentative ruling on or around the day before the hearing date, which will be available here: https://ecf-ciao.cacb.uscourts.gov/CiaoPosted/ (to see the tentative ruling, click "Select Judge" and then click "(SC) Scott Clarkson") and then click the subject

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

hearing date).

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy Rule ("LBR") 9013-1(f), each interested party opposing or responding to the Motion must file and serve the response on the moving party not later than 14 days before the date designated for hearing. Failure to timely file a response to the Motion may be deemed as your consent to the granting of the relief requested in the Motion. *See* LBR 9013-1(h).

Dated:  June 1, 2026                                    SAUL EWING LLP

                                                        By: _____
                                                            Zev Shechtman
                                                            Steven F. Werth
                                                            Attorneys for Zions Bancorporation, N.A., dba
                                                            California Bank & Trust

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57889873.4 397419-00001                                3

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................................9

II.   FACTS ........................................................................................................................11

    A.    CB&T's Revolving Credit Facilities With Borrowers And Resulting Defaults ................................................................................................................11

    B.    The State Court Action.............................................................................................12

    C.    The Debtors' Bankruptcy Filing .............................................................................14

    D.    Notice Of Removal...................................................................................................15

    E.    Events In This Bankruptcy Case .............................................................................15

III.   ALL CLAIMS FROM THE  STATE COURT ACTION SHOULD BE REMANDED ................................................................................................................16

    A.    Legal Standard For Remand On Equitable Grounds...............................................16

    B.    The Equitable Factors Overwhelmingly Favor Remand.........................................17

        1.    Remand Will Promote Efficiency In Proceedings (Factors 1, 9)................17

        2.    State Law Issues Predominate; Comity Favors Remand (Factors 2, 3, 13)................................................................................................................19

        3.    A Related Proceeding Is Still Ongoing Before The Referee (Factor 4)................................................................................................................19

        4.    The Claims Are Non-Core And Not Bankruptcy-Related (Factors 6, 7)................................................................................................................20

        5.    State Law Claims Can Be Severed From Bankruptcy Matters (Factor 8)................................................................................................................21

        6.    The Debtors Are Forum Shopping (Factor 10) ...........................................21

        7.    Non-Debtors Are Present And Would Be Prejudiced (Factors 12, 14)................................................................................................................22

IV.   PERMISSIVE ABSTENTION UNDER 28 U.S.C. § 1334(C(1) IS ALSO WARRANTED .............................................................................................................23

V.    ALTERNATIVELY, THE CLAIMS BETWEEN CB&T AND THE MARCILS MUST BE REMANDED ...........................................................................................24

    A.    There Is No Subject Matter Jurisdiction.................................................................24

    B.    There Is No Credible Risk Of Collateral Estoppel Or Issue Preclusion .................26

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

C.    The Court Should Decline To Adjudicate The Marcil Claims ................................ 27

VI.    CONCLUSION ................................................................................................................ 28

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 9821 Shore Rd. Owners Corp.*,
214 B.R. 676 (Bankr. E.D.N.Y. 1997) ................................................................................. 17

*Allen Cnty. Bank & Trust Co. v. Valvmatic Int'l Corp.*,
51 B.R. 578 (N.D. Ind. 1985) ............................................................................................. 22

*Atl. Marine Constr. Co. v. U.S. Dist. Court*,
571 U.S. 49 (2013) ............................................................................................................. 27

*Beard v. Braunstein*,
914 F.2d 434 (3d Cir. 1990) ............................................................................................... 20

*Bethlahmy v. Kuhlman* (*In re ACI-HDT Supply Co.*),
205 B.R. 231 (B.A.P. 9th Cir. 1997) .................................................................................. 26

*Boucher v. Shaw*,
572 F.3d 1087 (9th Cir. 2009) ............................................................................................ 20

*Citigroup, Inc. v. Pac. Inv. Mgmt. Co. (In re Enron Corp.)*,
296 B.R. 505 (C.D. Cal. 2003) ..................................................................................... 17, 19

*City of Moreno Valley v. Century-TCI Cal., L.P.*,
No. EDCV02-1387-VAP(SGLX), 2003 WL 22126450 (C.D. Cal. Mar. 21,
2003) ............................................................................................................................. 17, 21

*Corral v. Select Portfolio Servicing, Inc.*,
878 F.3d 770 (9th Cir. 2017) .............................................................................................. 24

*DKN Holdings LLC v. Faerber*,
61 Cal. 4th 813 (2015) ................................................................................................... 26, 27

*In re Eastport Assocs.*,
935 F.2d 1071 (9th Cir. 1991) ............................................................................................ 23

*In re Fietz*,
852 F.2d 455 (9th Cir. 1988) .............................................................................................. 24

*First Nat'l Bank of Westminster v. Rarick (In re Rarick)*,
132 B.R. 47 (D. Colo. 1991) ......................................................................................... 10, 19

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) .............................................................................................. 24

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

*Great Western Bank v. Clear Vision Express Tucson 2 LLC*,
No. CV-21-00883-PHX-MTL, 2021 WL 4593073 (D. Ariz. Oct. 6, 2021) ..........................27

*Grogan v. Garner*,
498 U.S. 279 (1991) ...............................................................................................................18

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ...............................................................................................................24

*Maya, LLC v. Cytodyn of N.M., Inc. (In re Cytodyn of N.M., Inc.)*,
374 B.R. 733 (Bankr. C.D. Cal. 2007) ...................................................................................22

*McCarthy v. Prince (In re McCarthy)*,
230 B.R. 414 (B.A.P. 9th Cir. 1999)................................................................................ 16, 26

*Merriman v. Fattorini (In re Merriman)*,
616 B.R. 381 (B.A.P. 9th Cir. 2020) ......................................................................................18

*Miller v. Cardinale (In re DeVille)*,
361 F.3d 539 (9th Cir. 2004) ..................................................................................................22

*Nilsen v. Neilson (In re Cedar Funding, Inc.)*,
419 B.R. 807 (B.A.P. 9th Cir. 2009) .......................................................................................16

*Pacor, Inc. v. Higgins*,
743 F.2d 984 (3d Cir. 1984)............................................................................................. 24, 25

*People v. PG & E Corp. (In re Pacific Gas & Elec. Co.)*,
281 B.R. 1 (N.D. Cal. 2002)...................................................................................................20

*In re People's Choice Home Loan*,
No. 8:07-10765-RK, 2007 WL 9637067 (Bankr. C.D. Cal. Oct, 29, 2007) ..................... 19, 22

*Pimbo Corp. v. Castlerock Props. (In re Castlerock Props.)*,
781 F.2d 159 (9th Cir. 1986)..................................................................................................23

*Security Farms v. Int'l Bhd. of Teamsters*,
124 F.3d 999 (9th Cir. 1997)..................................................................................................20

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
447 B.R. 302 (C.D. Cal. 2010)...............................................................................................17

*T.I.G. Ins. Co. v. Smolker (In re Tig Ins. Co.)*,
264 B.R. 661 (Bankr. C.D. Cal. 2001) ...................................................................................25

*In re Tucson Estates, Inc.*,
912 F.2d 1162 (9th Cir. 1990)................................................................................................23

*Underhill v. Royal*,
769 F.2d 1426 (9th Cir. 1985).................................................................................................25

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

*Western Helicopters, Inc. v. Hiller Aviation, Inc.*,
97 B.R. 1 (E.D. Cal. 1988) ................................................................................................ 22

**Statutes**

11 U.S.C. § 105 ................................................................................................................ 14

28 U.S.C. § 157 ........................................................................................................... 17, 20

28 U.S.C. § 1334 ........................................................................................................*passim*

28 U.S.C. § 1452(b) ....................................................................................................*passim*

California Code of Civil Procedure § 493.030 ................................................................. 14

California Code of Civil Procedure § 638 ............................................................... 9, 12, 27

**Other Authorities**

Fed. R. Bankr. P. 9027(e)(3) ............................................................................................. 17

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57889873.4 397419-00001

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Motion seeks to remedy the Debtors' tactical effort to disrupt and fragment a long-pending California state-court proceeding that has already substantially progressed before a judicial referee selected by all parties pursuant to mandatory contractual judicial-reference provisions.

Debtors Andrew Stupin and Julie Stupin (together, the "Debtors" or "Stupins") are defendants in a state-court action brought by Zions Bancorporation, N.A., dba California Bank & Trust ("CB&T"), seeking recovery under approximately $60 million in defaulted commercial loan guaranties (the "Guaranties") (the "State Court Action").[1]  Non-debtors Gerald J. Marcil, individually and as trustee of The Marcil Family Trust dated May 9, 1997 (collectively, "Marcils"), and Deba Shyam ("Shyam") executed separate Guaranties and are likewise defendants in the State Court Action.

The Guaranties are governed exclusively by California law and contain mandatory judicial-reference provisions under California Code of Civil Procedure ("C.C.P.") section 638 requiring that "any claims, controversies, disputes, or questions of interpretation" arising from the guaranties be adjudicated before a judicial referee.  Pursuant to those agreements, the parties unanimously selected Hon. Mitchell Beckloff (Ret.), a former Los Angeles Superior Court judge (the "Referee") with extensive experience in complex commercial litigation, to preside over the proceeding.

The State Court Action is already far advanced.  The Referee has presided over significant motion practice, discovery disputes, and substantive hearings concerning CB&T's writ applications and related reconsideration motions.  The parties have submitted voluminous evidence and briefing to the Referee, exchanged extensive written discovery, produced thousands of pages of documents, litigated discovery disputes, and asserted numerous crossclaims and

---

[1] The State Court Action is captioned *Zions Bancorporation, N.A. v. Andrew Stupin, et al.*, Los Angeles Superior Court Case No. 25STCV30165.

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

pleading challenges. The Referee has devoted substantial judicial resources to the matter, become deeply familiar with the parties, factual record, governing agreements, and legal issues, and issued detailed substantive rulings addressing the core legal and factual disputes underlying the parties' claims and defenses.

Only after suffering repeated and decisive adverse rulings before the Referee—and after CB&T recorded an attachment lien against the Debtors' residence—did the Debtors file for bankruptcy and then strategically remove only selected portions of the State Court Action to this Court. Critically, the Debtors did not remove the entire action. Instead, they selectively removed certain claims while leaving closely related proceedings pending before the Referee, including CB&T's claims against Shyam and related crossclaims arising from materially identical guaranty agreements. The result is a deliberately fragmented proceeding in which overlapping disputes involving the same underlying facts, witnesses, guaranty provisions, and defenses are now proceeding simultaneously in two forums.

The removal was improper, inequitable, and jurisdictionally defective.

*First*, equitable remand is overwhelmingly warranted under 28 U.S.C. § 1452(b). Virtually every relevant factor supports remand, including the predominance of California law issues, the advanced posture of the State Court Action, the existence of parallel proceedings still pending before the Referee, the substantial presence of non-debtor parties, the inefficiency of duplicative litigation, principles of comity, the parties' contractual selection of a California adjudicative forum, and the Debtors' transparent forum shopping.

*Second*, the Court should permissively abstain under 28 U.S.C. § 1334(c)(1). The same considerations supporting remand also warrant abstention: this is a non-core dispute governed exclusively by California law, involving numerous non-debtor parties, already pending before the parties' chosen judicial referee. Abstention would promote efficiency, avoid inconsistent rulings, respect California's interest in adjudicating its own law, and prevent forum shopping.

*Finally*, even if the Court declines to remand the State Court Action in its entirety, it lacks subject matter jurisdiction over CB&T's claims against the Marcils. The Marcils are non-debtors whose obligations arise under separate and expressly independent guaranty agreements.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Resolution of CB&T's claims against the Marcils does not affect the administration of the Debtors' bankruptcy estate, particularly because the guaranties expressly waive contribution, indemnification, reimbursement, and subrogation rights among the guarantors. The claims between CB&T and the Marcils therefore fall outside the scope of this Court's "related to" jurisdiction under 28 U.S.C. § 1334(b) and must be remanded.

Accordingly, the Court should remand all removed claims to the State Court. Upon remand, the parties may proceed under applicable nonbankruptcy law to final judgment in the contractually selected forum, while the automatic stay remains fully effective as to judgment enforcement against the Debtors or property of the bankruptcy estate. Alternatively, the Court should remand the claims between CB&T and the Marcils for lack of subject matter jurisdiction.

## II.    FACTS

### A.    CB&T's Revolving Credit Facilities With Borrowers And Resulting Defaults

In 2016 and 2017, respectively, CB&T extended revolving credit facilities to Borrowers Cantor Group II, LLC ("Cantor II") and Cantor Group IV, LLC ("Cantor IV" and together with Cantor II, "Borrowers") to finance their acquisition of distressed mortgage loans. (Declaration of Matthew Bullock ("Bullock Decl.") ¶¶ 5, 8.) In 2023 (Cantor II) and 2024 (Cantor IV), CB&T increased each facility to $30 million, for a combined total of $60 million. (*Id.* ¶ 9.)

The credit facilities were backed by personal Guaranties executed by Andrew Stupin, individually, and as trustee (with his wife, Debtor Julie K. Stupin) of The Stupin Family Trust, the Marcils, and Shyam (collectively, the "Guarantors"). (*Id.* ¶¶ 9, 15-16, Exs. 5-12.)

Under the Guaranties, each Guarantor absolutely and unconditionally guaranteed payment and performance of all obligations owed by the Borrowers to CB&T under the loan documents. (*Id.* Exs. 5-12 §§ 1, 4.) The Guarantors agreed to unlimited personal liability for all loans, advances, debts, and obligations owed by the Borrowers to CB&T and expressly waived numerous defenses and suretyship rights. (*Id*. Exs. 5-12 §§ 1, 3, 6-9.) Critically, the Guaranties expressly provide that each Guarantor's obligations are "independent" of the obligations of the Borrowers and other guarantors, and further permit CB&T to pursue separate actions against any Guarantor regardless of whether claims are asserted against the Borrowers or any other guarantor. (*Id*. Exs.

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

5-12 § 16.)  The Guarantors also expressly waived all rights of subrogation, reimbursement, indemnification, and contribution.  (*Id*. Exs. 5-12 § 6.)

In August 2025, CB&T learned of litigation filed by Western Alliance Bank ("WAB") against Cantor Group V, LLC ("Cantor V"), an affiliate of Borrowers, alleging a fraudulent scheme involving fabricated title policies and failures to maintain valid first-priority security interests.  (*Id.* ¶¶ 17-18.)  CB&T thereafter conducted an internal review of the Cantor II and Cantor IV facilities, which revealed significant collateral deficiencies, including that: (i) many of the purported notes pledged as collateral were not valid enforceable obligations with balances due and owing; and (ii) CB&T lacked valid first-priority security interests in the collateral properties, contrary to the loan documents and Security Agreements.  (*Id.* ¶ 20.)  CB&T issued demands for compliance, followed by notices of default.  (*Id.* ¶ 21.)  Borrowers and Guarantors failed to cure the defaults.  (*Id.*)

## B.    The State Court Action

On October 15, 2025, CB&T commenced the State Court Action against the Guarantors for breach of the guaranty agreements and sought prejudgment writs of attachment to secure approximately $60 million in unpaid principal.  (Declaration of A. Sasha Frid ("Frid Decl.") ¶ 2.)

Because the Guaranties contain mandatory judicial-reference provisions, the State Court Action was required to proceed before a judicial referee pursuant to California Code of Civil Procedure section 638.[2]  (Bullock Decl. Exs. 5-12 § 27.)  Following extensive meet-and-confer efforts, the parties unanimously selected Judge Beckloff, a former Los Angeles Superior Court judge with extensive experience in complex commercial matters, to serve as the Referee.[3]  (Frid

[2] The parties specifically bargained for mandatory judicial reference in the Guaranties, agreeing that "any claims, controversies, disputes, or questions of interpretation" arising from the Guaranties or related loan documents would be resolved by a single judicial referee pursuant to C.C.P section 638 *et seq*., with authority to determine all issues of fact and law.  (Bullock Decl. Exs. 5-12 § 27.)

[3] Prior to becoming a neutral at Signature Resolution, Judge Beckloff served for more than two decades on the Los Angeles Superior Court, including six years in the court's Writs and Receivers Department, which was a significant factor in all counsel's selection of him as Referee.  (Frid

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57889873.4 397419-00001

12

Decl. ¶¶ 6-7, Ex. 2.)

On January 19, 2026, after extensive briefing and argument, the Referee granted CB&T's applications for writs of attachment against the Guarantors, finding that CB&T had established the "probable validity" of its breach-of-guaranty claims. (*Id.* ¶¶ 11-14, Ex. 6.)  The Referee rejected the Guarantors' arguments that CB&T improperly altered the lending risk or shifted to unsecured lending without disclosure, holding that responsibility for perfecting the collateral rested with the Borrowers and that the Guarantors expressly assumed those risks under the Guaranties. (*Id.* Ex. 6.)  Relying on the Guaranties' broad waiver and lender-discretion provisions, the Referee further concluded that "nothing in the underlying transaction changed" and that attachment was warranted. (*Id.* ¶ 13, Ex. 6.)  In reaching this decisive conclusion, the Referee considered more than 3,100 pages of briefing, declarations, exhibits, and evidentiary objections, permitted oversized briefing, heard extensive oral argument, and ultimately issued a detailed 19-page ruling dismantling the Guarantors' core defenses. (*Id.* ¶¶ 12, 14.)

On January 29, 2026, the Guarantors moved for reconsideration of the attachment ruling, which was extensively briefed and argued before the Referee at two hearings. (*Id.* ¶¶ 15-16.)  In a further reasoned decision, the Referee again rejected the Guarantors' arguments, holding that CB&T was entitled to rely on the Borrowers' representations that the pledged collateral constituted "Eligible Receivables," including valid first-priority security interests, and had no independent duty to investigate or verify the collateral before extending advances. (*Id.* ¶ 17, Ex. 7.)  The Referee further concluded that the loan agreements expressly contemplated the possibility that collateral could later become ineligible, requiring repayment upon discovery of the deficiency. (*Id.* ¶ 17, Ex. 7.)

Apart from the attachment proceedings, the State Court Action has been extensively litigated.  The Guarantors asserted crossclaims, CB&T responded with pleading challenges, and the parties pursued substantial third-party discovery and related motion practice. (*Id.* ¶ 18.)  The Referee heard and ruled on multiple discovery disputes and sustained CB&T's demurrer to all

Decl. ¶ 8, Ex. 4.)

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57889873.4 397419-00001

13

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

claims in Stupin's Cross-Complaint except a single declaratory-relief claim. (*Id.* ¶¶ 21, 31, Ex. 8.) Before the Debtors' bankruptcy filing, discovery was actively underway: CB&T produced more than 31,000 pages of documents, the parties propounded and responded to hundreds of interrogatories, requests for admission, and document requests, extensively met and conferred regarding discovery disputes, and negotiated a deposition schedule. (*Id.* ¶¶ 26-28.)

To date, the Referee has presided over numerous hearings, become deeply familiar with the parties, factual record, governing agreements, and legal issues, issued multiple substantive rulings addressing the parties' core claims and defenses, and devoted substantial judicial resources to the State Court Action. The proceeding is therefore already far advanced. (*Id.* ¶ 9.)

## C.   The Debtors' Bankruptcy Filing

After obtaining writs of attachment against the Guarantors, CB&T promptly began enforcing its attachment remedies. On April 9, 2026, CB&T recorded its writ of attachment with the Orange County Recorder's Office against the Debtors' primary residence. (Frid Decl. ¶ 39.) A mere eight days later, on April 17, 2026 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11.[4] (*Id.*)

Shortly thereafter, Marcil and Shyam asserted that the automatic stay barred proceedings against the non-debtor defendants, while the Debtors separately sought a stay before the Referee based on alleged risks of inconsistent rulings, collateral estoppel, and potential bankruptcy-related claims or removal. (*Id.* ¶ 41, Ex. 10.) CB&T opposed those requests, maintaining that the State Court Action could proceed against the non-debtor defendants and that any extension of the automatic stay required the commencement of an adversary proceeding seeking injunctive relief under 11 U.S.C. § 105. (*Id.* ¶ 44.) No such adversary proceeding was ever filed, and the non-debtor defendants could not have satisfied the stringent requirements necessary to extend the automatic stay. (*Id.*)

---

[4] Because CB&T's attachment lien against Stupin's residence was recorded within 90 days before the Debtors filed for bankruptcy, the lien was automatically terminated pursuant to California Code of Civil Procedure section 493.030.

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

The Referee ordered supplemental briefing regarding the scope of the stay and related issues. Before the Referee could issue a ruling, however, the Debtors filed a Notice of Removal on May 7, 2026 (the "Notice of Removal"), selectively removing only portions of the State Court Action to this Court while leaving related claims pending before the Referee. (*Id.* ¶ 45.)

**D.      Notice Of Removal**

The Notice of Removal did not remove the entire State Court Action. Instead, the Debtors selectively removed: (i) CB&T's breach of guaranty claims against Andrew Stupin, individually and as trustee, and against the Marcil Defendants, individually and as trustees; (ii) Andrew Stupin's and Gerald Marcil's cross-claims against CB&T and the Cantor Parties; and (iii) the Cantor Parties' cross-claims against the Debtors and the Marcil Defendants. (Notice of Removal at 2:22-3:10.)

Notably, the Debtors did not remove CB&T's claims against Shyam or the Cantor Parties' crossclaims against CB&T. (Notice of Removal at 3:12.) As a result, substantial portions of the State Court Action remain pending before the Referee, who has continued to preside over the ongoing proceedings. Indeed, following removal, the Referee conducted hearings concerning the effect of the Debtors' bankruptcy filing on the remaining proceedings and continued to adjudicate discovery-related matters. (Frid Decl. ¶¶ 46-47.)

The Notice of Removal therefore fractured an already advanced proceeding into parallel actions pending simultaneously before two separate tribunals, even though the claims arise from the same underlying transactions, materially identical Guaranties, overlapping witnesses and evidence, and closely related legal and factual issues. This virtually guarantees inefficiency and risks inconsistent results.

**E.      Events In This Bankruptcy Case**

In testimony at the initial meeting of creditors held on May 18, 2026, Andrew Stupin admitted that he filed bankruptcy in response to the State Court Action and the writ of attachment, testifying that "there was a writ of attachment that a certain bank had got on me, and I needed to protect myself from that writ and defeat that lawsuit." (Frid Decl. Ex. 9 at 42:2-4.) When asked if

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

he was referring to the "Zions writ," Mr. Stupin answered: "Yes, sir."  (*Id*. Ex. 9 at 5-6.)

CB&T's counsel repeatedly asked the Debtors to explain how they intended to address their liabilities and what their business strategy would be in these Chapter 11 cases.  (*Id*. Ex. 9 at 39:21-24, 40:13-14.)  Despite those inquiries, and after repeated admonitions from Debtors' counsel regarding the disclosure of purportedly privileged information, the Debtors provided virtually no information concerning their plans for these cases.  The only substantive response was Stupin's statement that he intended to "continue to run [his] properties as proficiently and expertly as [he has] over the last 55 years." (*Id*. Ex. 9 at 41:8-9.)  As a result, more than six weeks into these Chapter 11 proceedings, neither CB&T nor other parties in interest have any meaningful understanding of how the Debtors intend to utilize Chapter 11 to address their liabilities, reorganize their affairs, or propose a confirmable plan.

## III.   ALL CLAIMS FROM THE  STATE COURT ACTION SHOULD BE REMANDED

### A.   Legal Standard For Remand On Equitable Grounds

Under 28 U.S.C. § 1452(b), a court may remand any "claim or cause of action" removed under the bankruptcy removal statute "on any equitable ground."  This provision confers "an unusually broad grant of authority" that "subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

Courts evaluating equitable remand consider a nonexclusive set of factors, including: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficult or unsettled nature of the applicable law; (4) the presence of related proceedings in state court; (5) the existence of a jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the bankruptcy case; (7) the substance rather than the form of any asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters; (9) the burden on the bankruptcy court's docket; (10) the likelihood of forum shopping; (11) the existence of a right to jury trial; (12) the presence of non-debtor parties; (13) principles of comity; and (14) the possibility of prejudice to other parties. *Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807, 820 n.18 (B.A.P. 9th Cir.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

2009); *see also Citigroup, Inc. v. Pac. Inv. Mgmt. Co. (In re Enron Corp.)*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003).

As discussed below, virtually every relevant factor weighs strongly in favor of remand.

### B. The Equitable Factors Overwhelmingly Favor Remand

The moving party need not establish that all—or even most—equitable-remand factors support remand. Rather, "[b]ecause Section 1452(b) affords an usually broad grant of authority, any one of the relevant factors may provide a sufficient basis for equitable remand." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 311 (C.D. Cal. 2010) (citation omitted). Here, however, virtually every relevant factor overwhelmingly favors remand.

### 1. Remand Will Promote Efficiency In Proceedings (Factors 1, 9)

Remand would promote the efficient administration of the estate by returning this complex state-law dispute to the forum already deeply familiar with it, relieving this Court of the burden of adjudicating numerous claims and crossclaims, including claims between multiple non-debtor parties, many of which are only remotely related, if at all, to the bankruptcy case. *See In re 9821 Shore Rd. Owners Corp.*, 214 B.R. 676, 696 (Bankr. E.D.N.Y. 1997) ("Indeed, the expertise of the State Court would certainly effect a more efficient estate administration since state court judges are very familiar with the [state] law which addresses claims such as breach of fiduciary duty and fraud.").[5]

The State Court Action is already far advanced. The parties have propounded and responded to extensive written discovery, produced tens of thousands of pages of documents, litigated multiple discovery disputes, and briefed and argued substantive motions, including CB&T's attachment applications and related reconsideration motions. (Frid Decl. ¶¶ 10-17, 20-

---

[5] Moreover, CB&T does not consent to the entry of a final order or judgment by this Court, *see* Fed. R. Bankr. P. 9027(e)(3); thus, *de novo* review by the district court would be required, 28 U.S.C. § 157(c). A trial by this Court, followed by a *de novo* review by the district court, undercuts the efficient administration of the estate. *City of Moreno Valley v. Century-TCI Cal., L.P.*, No. EDCV02-1387-VAP(SGLX), 2003 WL 22126450, at *3 (C.D. Cal. Mar. 21, 2003) (factor favored remand; "Since the action is not a core proceeding, the bankruptcy judge will be required to submit proposed findings of fact and conclusions of law to a district court for *de novo* review [thus] the case ultimately would have to be determined outside of the bankruptcy court[.]").

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

21, 26-27, 30-31.)  Multiple demurrers and discovery motions also remain pending before the Referee.  (*Id.* ¶¶ 24, 32-34.)  Requiring this Court to duplicate those efforts would not promote efficiency—it would undermine it.

Remand would also avoid the inefficiency and prejudice inherent in litigating overlapping disputes in two separate forums simultaneously.  Because the Notice of Removal left portions of the State Court Action pending before the Referee—including CB&T's claims against Shyam and related crossclaims—the parties otherwise face the prospect of parallel proceedings involving substantially identical facts, guaranty provisions, witnesses, and defenses.  The Referee has already devoted substantial time to mastering the factual and legal issues presented, and remand would preserve that investment while minimizing the risk of inconsistent rulings and duplicative litigation.

Nor would remand impair or diminish estate assets.  The Referee would simply adjudicate the parties' respective rights and liabilities under applicable state law.  That adjudication is necessary to determine the validity and allowability of CB&T's claims, including its claims against the Debtors.  *See Merriman v. Fattorini (In re Merriman)*, 616 B.R. 381, 387 (B.A.P. 9th Cir. 2020) (affirming relief from stay to permit litigation of a state-court action while preserving the stay as to enforcement of any resulting judgment).  Indeed, the merits of a creditor's claim are generally determined under applicable nonbankruptcy law.  *Grogan v. Garner*, 498 U.S. 279, 283 (1991) ("The validity of a creditor's claim is determined by rules of state law.").  Remand therefore would not interfere with the administration of these Chapter 11 cases. Any judgment enforcement efforts against the Debtors would remain subject to the automatic stay, and CB&T's claims against the Debtors would continue to be administered through the bankruptcy process in the same manner as any other unsecured claim. Accordingly, remand would merely liquidate and fix the amount of CB&T's claims, while leaving issues of distribution and estate administration to this Court.

Although the Debtors contend that remand would cause "erosion of estate assets" because they must bear a portion of the Referee's fees and costs (Notice of Removal at 4:26-5:2), they identify no concrete burden on the estate.  Indeed, there is no basis to allege that adjudication in

this adversary proceeding precipitated by removal would be less costly to the estate than the alternative.

### 2.   State Law Issues Predominate; Comity Favors Remand (Factors 2, 3, 13)

"Comity dictates that California courts should have the right to adjudicate the exclusively state law claims involving California-centric plaintiffs and California-centric transactions." *In re Enron Corp.*, 296 B.R. at 509.  Here, every claim and crossclaim arises exclusively under California law.  No federal question or substantive bankruptcy issue is presented.  *See In re People's Choice Home Loan*, No. 8:07-10765-RK, 2007 WL 9637067, at *2 (Bankr. C.D. Cal. Oct, 29, 2007) ("State law issues predominate in this case since plaintiffs' causes of action in the first amended complaint are based on state law."); *In re Enron Corp.*, 296 B.R. at 509 ("California courts have more expertise in interpreting California law, so this factor weighs in favor of remand.").

Comity considerations are especially compelling here because the Guarantors are California domiciliaries who expressly agreed that "all issues of fact or law" arising under the Guaranties would be adjudicated through a judicial-reference proceeding before a Referee.  (*See* Bullock Decl. Exs. 5-12 § 27.)  The Referee, in turn, reports his statement of decision to the Los Angeles Superior Court.  (*See id*.)  The Referee has already issued multiple substantive rulings, supervised extensive discovery, and devoted substantial judicial resources to the interpretation and enforcement of the Guaranties under California law.  Under these circumstances, remand would honor both California's strong interest in adjudicating disputes arising under its own laws and the parties' contractual selection of a California adjudicative forum.  *See First Nat'l Bank of Westminster v. Rarick (In re Rarick)*, 132 B.R. 47, 52 (D. Colo. 1991) ("It would disregard the interest of comity for a federal court to usurp the role of the state court to decide questions of state law where there is no basis of federal jurisdiction other than the bankruptcy code.").

### 3.   A Related Proceeding Is Still Ongoing Before The Referee (Factor 4)

The Notice of Removal did not remove the entire State Court Action.  CB&T's claims against Shyam, Shyam's crossclaims against CB&T, and Cantor II and Cantor IV's crossclaims against CB&T remain pending before the Referee, who continues to actively supervise and

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

adjudicate those proceedings. The result is a fragmented litigation landscape in which overlapping disputes arising from the same lending relationships, nearly identical guaranty agreements, and the same underlying facts are now proceeding simultaneously in two separate forums.

That circumstance weighs heavily in favor of remand. Maintaining federal jurisdiction over only part of the State Court Action creates a substantial risk of duplicative litigation, inconsistent rulings, inefficiency, and unnecessary expense. Many of the same witnesses, documents, defenses, and legal issues will necessarily be litigated in both proceedings. By contrast, remand would permit a single adjudicator already deeply familiar with the factual record and governing agreements to resolve the related disputes in a coordinated manner. *See People v. PG & E Corp. (In re Pacific Gas & Elec. Co.)*, 281 B.R. 1, 13 (N.D. Cal. 2002) ("remand avoids similar litigation in multiple fora and promotes the goals of judicial efficiency").

**4.    The Claims Are Non-Core And Not Bankruptcy-Related (Factors 6, 7)**

The claims in the State Court Action neither arise under the Bankruptcy Code nor depend on bankruptcy law for their existence. Rather, they are traditional state-law contract and commercial claims that could—and did—proceed entirely outside of bankruptcy court. *See Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) ("Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'"). The sole connection between the State Court Action and this bankruptcy case is that one subset of guarantors later filed for bankruptcy protection. But that circumstance alone is insufficient to convert these otherwise independent state-law disputes into core bankruptcy proceedings. *See Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (automatic stay generally does not extend to "guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor").

Moreover, because the claims are non-core, this Court may not enter final judgment absent the consent of all parties, which CB&T does not provide. *See* 28 U.S.C. § 157(c)(1); *Beard v. Braunstein*, 914 F.2d 434, 445 (3d Cir. 1990) (action "involving pre-petition contracts, allegedly breached both before and after the filing of the petition, is entirely a non-core matter"). Any proposed findings and conclusions issued by this Court would therefore remain subject to *de novo*

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57889873.4 397419-00001                    20

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

review by the district court, creating an additional layer of litigation and inefficiency. That process makes little sense where a judicial referee already deeply familiar with the factual record, governing agreements, and parties' defenses is prepared to adjudicate the matter to conclusion. *See City of Moreno Valley v. Century-TCI Cal., L.P.*, No. EDCV02-1387-VAP(SGLX), 2003 WL 22126450, at *3 (C.D. Cal. Mar. 21, 2003).

**5.      State Law Claims Can Be Severed From Bankruptcy Matters (Factor 8)**

The claims asserted in the State Court Action can readily be adjudicated by the Referee without interfering with the administration of this bankruptcy case. Indeed, the dispute concerns exclusively state-law issues arising from prepetition guaranty agreements and related commercial transactions. No bankruptcy-specific issue requires this Court's immediate adjudication or supervision.

Moreover, CB&T has already filed a proof of claim in this bankruptcy case, providing a straightforward procedural mechanism for the estate to address any liability determined in the State Court Action without retaining the entire dispute in this forum. Remand would therefore permit the Referee to liquidate the parties' state-law claims while preserving this Court's authority over claims administration and other core bankruptcy matters as necessary.

**6.      The Debtors Are Forum Shopping (Factor 10)**

The timing and circumstances of the removal strongly suggest an effort to evade the Referee and obtain a more favorable forum. The Debtors filed the Notice of Removal only after the Referee had repeatedly ruled against them in the State Court Action, including by granting CB&T's writ applications, rejecting reconsideration efforts, and sustaining CB&T's demurrer to nearly all of the Debtors' crossclaims. (Frid Decl. ¶¶ 11, 17, 21, Exs. 6-8.) The removal also followed CB&T's recording of an attachment lien against the Debtors' primary residence. (*Id.* ¶ 39.)

Equally significant, the Debtors did not remove the entire State Court Action. Instead, they *strategically* and *selectively* removed only certain claims while leaving closely related claims pending before the Referee, including CB&T's claims against Shyam and related crossclaims

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

arising from virtually identical guaranty agreements. That piecemeal removal strategy is an attempt to disrupt the ongoing state-court proceedings while preserving the Debtors' ability to relitigate overlapping issues in a different forum.

Courts routinely recognize that such tactical use of bankruptcy removal is exactly the kind of gamesmanship that supports remand. *See Maya, LLC v. Cytodyn of N.M., Inc. (In re Cytodyn of N.M., Inc.)*, 374 B.R. 733, 742 (Bankr. C.D. Cal. 2007) (finding removal was "a highly bad faith attempt" at further delay and "an act of blatant forum shopping" and "an inappropriate manipulation of the court system"); *see also Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 541 (9th Cir. 2004) (sanctioning parties for "improperly invoking the processes of the bankruptcy court to block the progress of a state court civil action").

### 7.    Non-Debtors Are Present And Would Be Prejudiced (Factors 12, 14)

The State Court Action involves the rights and liabilities of numerous non-debtor parties, including CB&T, the Marcils, Shyam, Cantor II, Cantor IV, and Continuum. The substantial presence of non-debtor parties strongly favors remand. *See Cabana v. Rodrigues (In re People's Choice Home Loan)*, No. 8:07-10765-RK, 2007 WL 9637067, at *2 (Bankr. C.D. Cal. Oct 29, 2007) (ordering remand where "[m]ost of the parties [were] nondebtor parties"). Absent remand, this Court would be required to adjudicate numerous non-bankruptcy disputes governed exclusively by state law between parties who are not debtors in this bankruptcy case. Courts routinely recognize that bankruptcy courts should avoid becoming the principal forum for resolving such disputes. *Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 6 (E.D. Cal. 1988) ("The courts have uniformly held that a bankruptcy court should avoid such a situation.")

Retention of the removed claims would also prejudice the non-debtor parties (certainly CB&T) by forcing them to litigate overlapping disputes simultaneously in two forums. That prejudice is particularly acute here because the Referee has already devoted substantial time to the case. Requiring the non-debtor parties to restart that process in bankruptcy court would impose unnecessary expense, delay, and inefficiency. *Allen Cnty. Bank & Trust Co. v. Valvmatic Int'l Corp.*, 51 B.R. 578, 582 (N.D. Ind. 1985) ("Retention could prejudice the involuntarily removed parties . . . as delay is sure to occur as another court must familiarize itself with the case and find

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

time in its schedule to try the case."); *Pimbo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159, 163 (9th Cir. 1986) ("A clear congressional policy exists to give state law claimants a right to have claims heard in state court.").

* * *

In sum, every relevant equitable factor supports remanding all claims from the State Court Action back to the Los Angeles Superior Court.[6] The Court should exercise its broad discretion under section 1452(b) and remand the State Court Action in its entirety.

## IV. PERMISSIVE ABSTENTION UNDER 28 U.S.C. § 1334(C)(1) IS ALSO WARRANTED

Independent of remand, the Court should exercise its discretion to abstain pursuant to 28 U.S.C. § 1334(c)(1). Under that provision, a bankruptcy court may abstain from hearing a proceeding in the interest of justice, comity, or respect for state law. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166-67 (9th Cir. 1990). The Ninth Circuit has identified twelve factors relevant to permissive abstention, which are the same twelve factors discussed above in connection with equitable remand. *Id.* at 1167 (first 12 factors apply to discretionary abstention); *In re Eastport Assocs.*, 935 F.2d 1071, 1075-76 (9th Cir. 1991) (same).

For the reasons set forth in Sections III above, those factors overwhelmingly favor abstention. This dispute is governed exclusively by California law, presents no substantive bankruptcy issues, and is, at most, only remotely related to the administration of these Chapter 11 cases. The litigation has been actively prosecuted for more than a year before a judicial referee who has supervised extensive discovery, resolved numerous contested matters, and become intimately familiar with the facts and governing agreements. A related proceeding remains pending before that same referee involving overlapping parties, claims, witnesses, and defenses, making abstention necessary to avoid duplicative litigation, inconsistent rulings, and unnecessary expense. The claims are non-core, readily severable from any bankruptcy matters, involve

---

[6] The "right to jury trial" factor is inapposite here because the parties all agreed to adjudicate their claims before a judicial reference.

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

numerous non-debtor parties, and can be liquidated in the state-court forum without impairing this Court's authority over claims administration or other core bankruptcy functions. Moreover, the circumstances surrounding removal strongly suggest forum shopping, while considerations of comity and respect for California law favor allowing California adjudicators to resolve disputes arising exclusively under California law.

Accordingly, the Court should remand the State Court Action pursuant to 28 U.S.C. § 1452(b) and, in addition, can also exercise its discretion to abstain from hearing the removed claims pursuant to 28 U.S.C. § 1334(c)(1).

## V.    ALTERNATIVELY, THE CLAIMS BETWEEN CB&T AND THE MARCILS MUST BE REMANDED

### A.    There Is No Subject Matter Jurisdiction

Even if the Court declines to remand the State Court Action in its entirety (it should not), it must remand the claims between CB&T and the Marcils because this Court lacks subject matter jurisdiction over those claims. "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and there is a "'strong presumption' against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. The removing party bears the burden of establishing federal jurisdiction. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017).

The only potential basis for this Court's jurisdiction over the claims between CB&T and the Marcils is "related to" jurisdiction under 28 U.S.C. § 1334(b). A proceeding is "related to" a bankruptcy case only if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting *Pacor* test in Ninth Circuit). Put differently, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994.

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

CB&T's breach of guaranty claim against the Marcils cannot conceivably affect the Debtors' bankruptcy estate. The Marcils are non-debtors. Their guaranty obligations are expressly "independent" of the Borrowers' obligations. (Bullock Decl. Exs. 5-12 § 16.) The Guaranties further provide that "[a] separate action or actions may be brought and prosecuted against Guarantor whether action is brought against Borrower or any other guarantor or whether Borrower or any other guarantor be joined in any such action or actions." (*Id*.) A judgment for or against the Marcils on their guaranty obligations will not alter the Debtors' rights, liabilities, options, or freedom of action, nor otherwise affect administration of the bankruptcy estate. Regardless of how the Debtors' bankruptcy case proceeds, the Marcils' obligations under their separate guaranties remain independently enforceable.

The absence of any conceivable effect on the estate is even clearer because the Guaranties expressly waive any rights of contribution, reimbursement, indemnification, or subrogation among the guarantors. (Bullock Decl. Exs. 5-12 § 6.) As a result, adjudication of CB&T's claims against the Marcils cannot give rise to derivative claims against the Debtors or otherwise impact the administration of the bankruptcy estate.

Courts in analogous circumstances have repeatedly held that breach of guaranty claims against a non-debtor guarantor are not "related to" the bankruptcy of the primary obligor because the guarantor's obligation is independent and its resolution does not impact the estate. *See Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir. 1985) ("The bankruptcy court can affect only the relationships of debtors and creditor. It has no power to affect the obligations of guarantors.") (citation omitted); *T.I.G. Ins. Co. v. Smolker (In re Tig Ins. Co.)*, 264 B.R. 661, 666-67 (Bankr. C.D. Cal. 2001) (finding claims against non-debtors not "related to" bankruptcy and remanding entire action; "a bankruptcy court cannot retain jurisdiction that it does not have") (emphasis omitted).

That the Debtors and Marcils share certain factual defenses does not create "related to" jurisdiction. "[T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1334(b). Judicial economy itself does not justify federal jurisdiction." *Pacor*, 743 F.2d at

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

994.  The existence of overlapping factual issues or similar defenses does not create federal jurisdiction where the outcome of the non-debtor claims cannot affect the estate.  Although the Notice of Removal asserts that the Marcils share "nearly if not absolutely identical" defenses with the Debtors, the Marcils' liability turns on their own independent guaranty obligations, not on the Debtors' bankruptcy case.  The mere fact that the claims against the Marcils were asserted in the same state-court action as claims against the Debtors does not transform otherwise independent non-debtor disputes into matters "related to" the bankruptcy case.

Because the claims between CB&T and the Marcils fall outside the scope of this Court's bankruptcy jurisdiction, remand of those claims is mandatory.  *Bethlahmy v. Kuhlman* (*In re ACI-HDT Supply Co.*), 205 B.R. 231 (B.A.P. 9th Cir. 1997) (ordering remand where there was no subject matter jurisdiction); *In re McCarthy*, 230 B.R. at 418 (affirming remand of entire action where subject matter jurisdiction as to non-debtor defendant is "more attenuated").

### B.    There Is No Credible Risk Of Collateral Estoppel Or Issue Preclusion

There is no credible risk of collateral estoppel or issue preclusion arising from adjudication of CB&T's claims against the Marcils.

Collateral estoppel applies only against a party to the prior proceeding or one in privity with that party.  *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015).  As discussed above, the Marcils are independently liable under their own Guaranties.  (Bullock Decl. Exs. 5-12 § 16.)  Any determination regarding the Marcils' guaranty obligations therefore would not bind the Debtors, who are not parties to those claims.  Nor are the Debtors in privity with the Marcils.  As the California Supreme Court has explained, joint and several liability does not create the kind of aligned interests necessary to establish privity for purposes of issue preclusion.  *See DKN Holdings LLC*, 61 Cal. 4th at 826 ("A nonparty alleged to be in privity must have an interest so similar to the party's interest that the party acted as the nonparty's 'virtual representative' in the first action. . . .  Joint and several liability alone does not create such a closely aligned interest between co-obligors.").

Courts consistently reject attempts to invoke speculative concerns regarding collateral estoppel, precedential effect, or overlapping factual findings as a basis for extending bankruptcy

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS
TO STATE COURT

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

protections to non-debtors.  In *Queenie, Ltd. v. Nygard Int'l*, the Second Circuit held that the mere possibility of offensive collateral estoppel does not justify extending bankruptcy protections to non-debtors.  321 F.3d 282, 288 (2d Cir. 2003).  The court explained that fear of "collateral estoppel or the precedential effect of an adverse decision" provides no basis for interfering with proceedings against non-debtors and warned that accepting such a theory would result in "vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants." *Id*.  That reasoning applies here.

### C.      The Court Should Decline To Adjudicate The Marcil Claims

Even if the Court possessed subject matter jurisdiction over CB&T's claims against the Marcils (it does not), the Court should decline to exercise that jurisdiction.  The equitable-remand and abstention considerations discussed above, *see supra* Section III.B, apply with even greater force to the CB&T-Marcil claims.  In particular, the claims arise exclusively under California law, there is no independent basis for federal jurisdiction apart from section 1334, and the Marcils are non-debtors whose only connection to the bankruptcy case is that they executed separate guaranties relating to the same credit facilities.

Moreover, the Marcils expressly agreed that all claims, controversies, and disputes arising from their Guaranties would be resolved through a judicial-reference proceeding before a Referee pursuant to C.C.P. section 638 *et seq*.  (Bullock Decl. Exs. 5-12 § 27.)  The parties' contractual selection of a California adjudicative forum strongly favors remand.  *See Great Western Bank v. Clear Vision Express Tucson 2 LLC*, No. CV-21-00883-PHX-MTL, 2021 WL 4593073, at \*4 (D. Ariz. Oct. 6, 2021) (remanding claims against guarantors despite the borrower's bankruptcy in order to "give weight and protect the legitimate expectations of the parties") (citation omitted).

Indeed, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 63 (2013) (brackets omitted).  No such exceptional circumstances exist here.  To the contrary, retaining jurisdiction over the Marcil claims would override the parties' agreed dispute-resolution mechanism, duplicate proceedings already substantially underway before the Referee, and further fragment a long-pending California commercial dispute involving overwhelmingly non-

PLAINTIFF ZIONS BANCORPORATION, N.A.'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

bankruptcy issues.

## VI. **CONCLUSION**

For the foregoing reasons, all claims removed from the State Court Action should be remanded. Alternatively, the claims between CB&T and the Marcils should be remanded.

Dated: June 1, 2026

Respectfully submitted,

SAUL EWING LLP

By: _____

Zev Shechtman
Steven F. Werth
Attorneys for Zions Bancorporation, N.A., dba
California Bank & Trust

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57889873.4 397419-00001

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**Saul Ewing LLP, 1888 Century Park East, Suite 1500, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*):**Plaintiff Zions Bancorporation, N.A.'s Notice of Motion and Motion for Order Remanding Removed Claims to State Court; Memorandum of Points and Authorities in Support Thereof** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 1, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jessica L Bagdanov**    jbagdanov@bg.law, ecf@bg.law
- **Michael G D'Alba**    mgd@lnbyg.com
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **David M Poitras**    dpoitras@bg.law
- **Joseph M Rothberg**    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Zev Shechtman**    Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;hannah.richmond@saul.com;LitigationDocketing@saul.com;Shelly.Guise@saul.com;Isaiah.Bribiesca@saul.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **_____**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 1, 2026**,  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PERSONAL DELIVERY:**
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 1, 2026 | Hannah Richmond | /s/ Hannah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                             **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):

**VIA EMAIL:**

- Steven T. Gubner sgubner@bg.law
- Jerrold Bregman jbregman@bg.law
- Jason B. Komorsky jkomorsky@bg.law
- Jessica Studley jstudley@bg.law
- Jennifer Warner jwarner@bg.law
- Nikola A. Fields nfields@bg.law
- 'DBG@lnbyg.com' dbg@lnbyg.com
- 'jmr@lnbyg.com'
- Rebecka Merritt rebecka@lnbyg.com
- Sasha Frid sfrid@Millerbarondess.com
- Jeffery B. White jwhite@millerbarondess.com
- Jacquelyn Crawley jcrawley@millerbarondess.com
- Sarah E. Diamond sdiamond@millerbarondess.com
- Alexandria Alamango aalamango@millerbarondess.com
- Brenda Riding briding@Millerbarondess.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**